**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LYNN SMITH, | Civ. No. 19-19189 |
| Appellant, | **OPINION** |
| v. | |
| ANDREA DOBIN, | |
| Appellee. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Application filed by Appellant Lynn Smith ("Appellant") to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (ECF No. 1-2.) For the reasons stated herein, Appellant's Application is denied.

## LEGAL STANDARD

In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, the litigant must file an application that includes an affidavit of indigence stating the individual's total income, assets, and inability to pay filing fees. *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). Second, the Court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B); *Roman*, 904 F.2d at 194 n.1. As under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]o survive

dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citations omitted).

## **DISCUSSION**

In this case, Appellant has not filed an affidavit of indigence stating her income, assets, and inability to pay filing fees. *See* Application to Proceed In Forma Pauperis—Non Prisoner (AO 239), http://www.njd.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-ao-239 (last visited Oct. 28, 2019) (providing an appropriate template for the required affidavit). Instead, Appellant attaches to her Application an image of her bank account balance. (ECF No. 1-2.) Appellant states that she has been evicted from her home and that the Court has "several times previously granted In Forma Pauperis status when [Appellant] was far less indigent than she presently is." (*Id*.) However, Appellant's financial situation cannot be assessed properly without an affidavit as required by § 1915(a). Appellant's Application therefore fails at step one, and the Court need not consider step two of the inquiry.

## **CONCLUSION**

For the foregoing reasons, Appellant's Application to proceed *in forma pauperis* is denied. An appropriate Order will follow.

Date: October 30, 2019

                                                */s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.